**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

IN RE:                                                   CASE NO.: 5:08-bk-12741
**ROBERT EARL WESTON, DEBTOR**                                    CHAPTER 7

**ROBERT EARL WESTON**                                    PLAINTIFF/DEBTOR

v.                          **AP NO.: 5:08-ap-01224**

**ED FINANCIAL SERVICES, LLC**                                    DEFENDANT

<u>**MEMORANDUM OPINION**</u>

Before the court is a Motion for Entry of Default and Motion for Default Judgment [Motion] on a Complaint to Determine Dischargeability of Student Loan Debt [Complaint] filed by the debtor, Robert Earl Weston [Weston], and a Response to Motion for Entry of Default and Motion for Default Judgment [Response] filed by the defendant, Ed Financial Services, LLC [ESL]. In his Complaint, Weston asks the court to discharge approximately $9827.00 in student loan debt, payable to ESL, due to physical disability and limited income. Weston also seeks attorney's fees and costs. The Motion and Response were heard on December 4, 2008.

The court afforded both parties an opportunity to brief whether the Arkansas Rules of Civil Procedure require service upon the defendant as well as the authorized agent for service when serving a corporation. Weston submitted his Brief in Support of Plaintiff's Motion for Entry of Default and Motion for Default Judgment [Brief in Support] on December 11, 2008. ESL filed an Amended Response to Motion for Entry of Default and Motion for Default Judgment [Amended Response] on December 12, 2008. For the reasons stated herein, the Motion is granted.

1

## I. Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rules of Bankruptcy Procedure 7052 and 9014.

## II. Findings of Fact

On May 2, 2008, Weston filed a petition for Chapter 7 bankruptcy. (Pl's Ex. A at 1.) On July 23, 2008, Weston filed the Complaint seeking discharge of approximately $9827.00 in student loan debt incurred prior to the filing of his bankruptcy. (Pl.'s Ex. A.) A summons [Summons] was issued on July 25, 2008, and listed an address of Ed Financial, 123 Center Park Drive, Knoxville, TN 37922, on the certificate of service. (Pl.'s Ex. B.) When no answer was filed to his Complaint, Weston filed his first Motion for Default Judgment [Motion for Default] on August 29, 2008. (Pl.'s Ex. C.) In the Motion for Default, Weston stated that ESL failed to respond to the Complaint and, as such, he was entitled to an order declaring his student loan debt dischargeable. (Pl.'s Ex. C.)

Ms. Autumn Lem, a paralegal with the Dickerson Law Firm, testified that after filing the Motion for Default, Weston learned that the Summons was inappropriately forwarded to ESL's corporate address; therefore, he filed a Motion to Withdraw Motion for Default Judgment [Motion to Withdraw] on October 23, 2008. (Pl.'s Ex. D.) On September 30, 2008, prior to filing the Motion to Withdraw, another summons and notice of trial in adversary proceeding [Amended Summons] was issued to Edfinancial Services, c/o National Registered Agents, Inc. of AR, 455 W. Maurice Street, Hot Springs, AR 71901. (Pl.'s Ex. E.) Ms. Lem testified that the Amended

2

Summons was issued after locating ESL's registered agent listing on the Arkansas Secretary of State's Business and Commercial (UCC) Services database online. (Pl.'s Ex. F.)[1]

After receiving no response from ESL, Weston filed the instant Motion on November 18, 2008. (Pl.'s Ex. G.) The Motion stated that the Amended Summons and Complaint were served on ESL by first-class mail on September 30, 2008. (Pl.'s Ex. G at 1.) Ms. Lem testified that the Amended Summons and Complaint were mailed at the Pine Bluff Post Office for delivery by first-class mail; the pleadings were not sent by certified mail, return receipt requested. The court took judicial notice of the fact that ESL had not filed a response to the Complaint.

ESL submitted an Affidavit signed by Kim B. Watson, the General Counsel and Vice President for ESL, stating that neither ESL nor its registered agent in Arkansas, National Registered Agents, Inc. of AR, had received a copy of the Amended Summons or Complaint. (Resp't Ex. A.)

This case requires the court to determine whether the service of process utilized by Weston complied with Federal Rule of Bankruptcy Procedure 7004.

### III. Discussion

Federal Rule of Bankruptcy Procedure 7004(b)(3) prescribes the procedure for service by first-class mail upon a domestic or foreign corporation as follows:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

---

[1] ESL did not dispute that the address listed with the Arkansas Secretary of State's office was the address for ESL's registered agent in Arkansas.

3

Pursuant to Rule 7004(b)(3), a party can effectuate service on a corporation by mailing the summons and complaint via first-class mail to an agent authorized by statute to receive service. Further, if applicable state law so requires, copies of the pleadings must also be mailed to the defendant. The procedure set forth in Rule 7004(b)(3), however, does not require an acknowledgment of receipt of service as does Arkansas Code Annotated Section 4-27-1510. *See* Braden v. Gen. Motors Acceptance Corp. (*In re Braden*), 142 B.R. 317, 319 (Bankr. E.D. Ark. 1992). The absence of an acknowledgment requirement follows Federal Rule of Bankruptcy Procedure 9006(e), which provides that "[s]ervice of process and service of any paper other than process or of notice by mail is complete on mailing."

In the present matter, Weston mailed the Amended Summons and Complaint to ESL's agent for service as listed with the Arkansas Secretary of State's Office, thereby complying with the first prong of Rule 7004(b)(3). To determine if Weston fully complied with Rule 7004(b)(3), an examination of the Arkansas Rules of Civil Procedure is necessary to conclude whether the statute requires the mailing of the summons and complaint to the defendant as well as the agent. Arkansas Rule of Civil Procedure 4(d)(5) states as follows:

> Service shall be made upon any person designated by statute to receive service or as follows:
>
> Upon a domestic or foreign corporation or upon a partnership, limited liability company, or any unincorporated association subject to suit under a common name, by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons.

Further, Arkansas Code Annotated Section 16-58-127 provides that "[w]here the defendant is a foreign corporation having an agent in this state, the service may be upon the agent." Rule 4(d)(5) does not, therefore, require service of the summons and complaint upon the defendant as

well as the agent for service of process.

Based on Rule 7004(b)(3) and Rule 4(d)(5), the court finds that Weston effectuated proper service on ESL by mailing the Amended Summons and Complaint first-class mail to ESL's agent for service of process as provided by the Arkansas Secretary of State's office.

### IV. Conclusion

For the reasons stated herein, the court finds that Weston properly served ESL, and ESL did not respond to the Complaint in the requisite period. Pursuant to Federal Rule of Bankruptcy Procedure 7055, Weston's Motion is GRANTED, and his loans are fully discharged. The court further finds that pursuant to Federal Rule of Bankruptcy Procedure 7055, a prima facie hearing is not necessary because ESL is in default and would not able to defend on the issue of undue hardship; a liquidated sum exists for which no testimony or evidence is needed. Each party shall bear their own costs.

IT IS SO ORDERED.

 December 22, 2008
DATE

RICHARD D. TAYLOR
United States Bankruptcy Judge

cc.:   Mr. Michael Brechlin
      Mr. Daniel Beck
      Mr. John Kooistra, III